IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) No. CR-25-499-JD |
| TASHELLA SHERI AMORE DICKERSON,<br>  a/k/a Sheri Dickerson,<br>  a/k/a Sheri Amore,<br>  a/k/a Rev. T. Sheri Dickerson, | ) ) ) ) ) ) |
| Defendant. | ) |

**UNITED STATES' UNOPPOSED
MOTION FOR PROTECTIVE ORDER**

The United States respectfully requests that the Court enter a protective order concerning the disclosure of discovery materials that contain personal financial information and personal identifiers of Defendant, third parties, donors, and victims. Counsel for the United States has conferred with Defendant's counsel, Sanjuanita Martinez and Jeff Byers, who advised the Defendant does not object to the entry of the requested protective order.

**Background**

On December 3, 2025, a Federal Grand Jury returned an indictment charging Defendant with 20 counts of wire fraud, in violation of 18 U.S.C. § 1343, and five counts of money laundering, in violation of 18 U.S.C. § 1957(a). [Doc. 1.] The Indictment alleges Defendant, while serving as the Executive Director of Black Lives Matter Oklahoma Assn. (a/k/a Black Lives Matter OKC) ("BLMOKC") defrauded the

organization and/or its donors by diverting organizational funds for her personal benefit, including wire transfers and check deposits into her personal bank accounts. The Indictment alleges she used the proceeds of the wire fraud to purchase a vehicle, six real properties, and for thousands of dollars in retail spending, recreational travel, and food deliveries. The Indictment further alleges that Defendant used interstate wires to submit materially false reports to BLMOKC's fiscal sponsor, the Alliance for Global Justice. Finally, the Indictment alleges Ms. Dickerson engaged in money laundering by transferring proceeds of the alleged fraud through financial institutions to purchase five real properties—two in her personal name and three in the name Equity International LLC, and entity she exclusively controls.

     As part of the investigation, the Federal Bureau of Investigation (FBI) and Internal Revenue Service-Criminal Investigation (IRS-CI) obtained voluminous records, much of which would require substantial redaction if produced without a protective order. For example, FBI and IRS-CI obtained records related to the Alliance for Global Justice (AFGJ), which served as a fiscal sponsor to BLMOKC. BLMOKC accepted tax-exempt charitable donations through its affiliation with AFGJ, and AFGJ acted as a fiduciary to BLMOKC, including by hiring its employees or independent contractors, processing its payroll, reporting gifts and grants to BLMOKC on the AFGJ tax return, and maintaining its financial statements. Thus, FBI and IRS-CI obtained AFGJ employment records and financial records related to BLMOKC, including, *e.g.*, records from City National Bank & Trust of Lawton ("CNB"), Cash App, and PayPal. Through various means, FBI and IRS-CI also obtained some information about donations made to BLMOKC and/or AFGJ,

including donor names and financial information. FBI and IRS-CI also obtained personal financial records for Ms. Dickerson, including records from CNB, Cash App, and PayPal. Some of the records related to Ms. Dickerson also include personal identifiers of third parties who had access to her accounts, including one of her associates and her children.

In addition, FBI and IRS-CI obtained financial records related to grants extended to BLMOKC by national bail funds, including the Community Justice Exchange (a project of the Tides Center), the Minnesota Freedom Fund, the Massachusetts Bail Fund, and others. FBI and IRS-CI also obtained records related to real properties referenced in the Indictment, including utility records, title records, and financial information related to the buyer(s) and seller(s).

## Requested Protective Order

The United States is prepared to provide Defendant with full discovery in this matter. Much of the discovery, however, includes banking, financial, utility, and real property records. These documents contain private financial information and personal identifiers, including social security numbers, dates of birth, and account numbers for Defendant, Defendant's family members, donors, and other third parties.

Without depriving the defendant of access to and use of these documents in this case, the government seeks to avoid producing the records with redactions, which will be time-consuming and impracticable due to the volume of discovery. The government also seeks to ensure that no one, including the Defendant, uses this information to violate the privacy rights of third parties or for any other improper purpose. An order from the Court requiring that recipients of this information use it only in the context of preparing for court

proceedings in this case will address these concerns. In addition, the government asks that the Court restrict defense counsel from allowing Defendant to retain documents containing personal identifiers of third parties, to alleviate the need to produce those documents in a heavily redacted form.

Entitled "Protective and Modifying Orders," Federal Rule of Criminal Procedure 16(d)(1) provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." In this case, the government does not seek to restrict the defendant's access to discovery. Instead, it seeks merely to limit the use of that discovery to its proper purpose in preparation for trial or other proceedings.

The issuance of a protective order is a discretionary function of the trial court that will only be disturbed on review where it is established that an abuse of discretion—that is, prejudice to the substantial rights of the defendant—occurred. *United States v. Coiro*, 785 F. Supp. 326, 330 (E.D.N.Y. 1992). In this context, a protective order will not impair the defendant's right of access to discovery. Moreover, defense counsel has agreed to the entry of a protective order.

For these reasons, the government respectfully requests that the Court enter an order that any documents produced to the defense by the government that include any personal data identifiers of Ms. Dickerson, her family members, third parties, or donors, including social security numbers, names of minor children, dates of birth, and financial account numbers, may be disclosed without redactions only to the defense counsel and the agents

of defense counsel, except as necessary during court proceedings or during interviews of Defendant or potential witnesses in preparation for trial or other court proceedings.

The government further requests that the Court order that Defendant, Defendant's attorneys, and the attorneys' agents not disclose any personal data identifiers in the government's discovery except as necessary during court proceedings or during interviews of potential witnesses in preparation for trial or other court proceedings.

The government further requests that the Court order that any documents containing financial account numbers or personal identifiers for third parties or donors, which are shown to Defendant or potential witnesses by defense counsel for purposes of preparing for trial or other court proceedings, not be retained by Defendant or witnesses for any purpose.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

*s/Jessica L. Perry*
JESSICA L. PERRY, OBA #22681
MATT DILLON, OBA # 19321
Assistant U.S. Attorneys
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
Jessica.Perry2@usdoj.gov
Matthew.Dillon@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 5, 2026, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

    Sanjuanita Martinez, Counsel to Defendant
    Jeff Byers, Counsel to Defendant

                                 *s/ Jessica L. Perry*
                                 JESSICA L. PERRY